IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRANK SPARKS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09CV1129-MEF |
| ) | |
| JIMMY B. BROWN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, brings this action against Michael J. Astrue, Commissioner of Social Security; Jimmy B. Brown, Social Security Administration District Manager; and Quittie C. Wilson, Social Security Administration Assistant Regional Commissioner, Processing Center Operations. Plaintiff contends that defendants erred by awarding him benefits retroactively to August 2004 rather than plaintiff's adjudicated disability onset date of February 24, 1995. Plaintiff challenges the Commissioner's award of disability insurance benefits and seeks an order from this court "requiring the Defendants Social Security Administration to pay Disability and Disability Insurance Benefits, beginning February 24, 1995[.]" (Complaint, p. 1). This action is presently before the court on the motion of defendants to substitute Michael J. Astrue, in his official capacity as the Commissioner of Social Security, as the sole defendant in this action and to dismiss the other named defendants. (Doc. #6). Upon consideration of the motion, the court concludes that it is due to be granted.

## DISCUSSION

Judicial review of the decisions of Social Security Administration officers or employees regarding claims for benefits is limited.  See 42 U.S.C. §§ 405(g), (h).

> It is by now axiomatic that the United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. See Huie v. Bowen, 788 F.2d 698, 705 (11th Cir.1986). As such, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving [Social Security benefits]. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).  Section 405(g), which authorizes lawsuits to review the Commissioner's decisions, clearly contemplates that the Commissioner is the proper defendant in such actions.  42 U.S.C. § 405(g)("As part of the Commissioner's answer, the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security. . . . Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

Although plaintiff alleges that the letters signed by Quittie C. Wilson on April 19,

2009 and August 24, 2009 "constitute Fraud, under Rule 9 . . .[,]" the complaint cannot be fairly read to allege state law fraud claims in addition to plaintiff's claim that he was wrongly denied payment of disability benefits to which he was entitled. Wilson's April 19, 2009 letter responded to plaintiff's claim that he was entitled to payment of benefits for the period preceding August 2004, and notified him that the SSA "can pay benefits no earlier than 12 months before the month of filing" and that, since plaintiff filed for benefits on August 12, 2005, his date of entitlement to disability benefits is August 2004.  (Exhibit G to Complaint). Wilson's August 24, 2009 letter to plaintiff informed him that his claim had been reconsidered by "specially designated [reconsideration] staff" and enclosed a copy of the adverse decision on reconsideration. (Exhibit K to Complaint).

Plaintiff alleges that the letters were fraudulent because they falsely concluded that he had not filed for benefits starting on February 24, 1995 and because they "left out the Disability Insurance Benefits part," thereby depriving plaintiff of over nine years of benefits. (Complaint, ¶¶ 2(c)-2(e)). However, plaintiff alleges no actionable reliance on the allegedly fraudulent representations in the decision letters and, accordingly, fails to state a fraud claim. Additionally, plaintiff seeks no relief other than an order directing the Social Security Administration to pay benefits retroactively to February 24, 1995, court fees, and payment of money into "a fund to help future applicants with the law aspects of the Social Security Act[.]" (Complaint, ¶¶ 1, 4).  The court concludes that the only claim fairly presented by plaintiff's allegations is his claim for disability insurance benefits which may be brought only

3

pursuant to 42 U.S.C. § 405(g).[1] Because the Commissioner is the only proper defendant for such a claim, defendants' motion is due to be granted.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motion to substitute the Commissioner of Social Security as the sole defendant (Doc. # 6) be GRANTED and that plaintiff's claims against defendants Brown, Wilson, and the Social Security Administration be DISMISSED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 31, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[1] Even if plaintiff had stated an actionable fraud claim, such a claim would – upon certification by the United States Attorney that Wilson and Brown were acting in the scope of their employment – be subject to dismissal pursuant to the fraud exception to the FTCA's waiver of sovereign immunity. See 28 U.S.C. §§ 2679(d)(1), 2680(h); 28 C.F.R. 15.4 (delegation of Attorney General's certification authority to U.S. Attorney); Slater v. United States, 175 Fed. Appx. 300, 307-08 (11th Cir. 2006)(unpublished opinion)(court lacked jurisdiction to entertain plaintiff's claim that VA employees committed fraud by suppressing evidence relevant to plaintiff's claim for VA disability benefits, due to the fraud/misrepresentation exception to the FTCA's waiver of sovereign immunity).

error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 18th day of March, 2010.

                                              /s/ Susan Russ Walker
                                            SUSAN RUSS WALKER
                                            CHIEF UNITED STATES MAGISTRATE JUDGE